**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESA AVILEZ,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.    15-55906

D.C. No. 5:14-cv-00732-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Submitted February 15, 2017[**]
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY III,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Teresa Avilez appeals the district court's decision affirming the Social Security Commissioner's denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment de novo and must affirm the Commissioner's denial of benefits if substantial evidence supports the legally correct findings of the Administrative Law Judge ("ALJ"). Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

Substantial evidence supports the ALJ's decision. The ALJ determined that Avilez retained a residual functional capacity ("RFC") to perform light work with an additional restriction: she could only stand or walk two hours out of an eight-hour work day. AR 16; see Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (finding that an RFC may deviate from the Commissioner's Medical-Vocational Guideline grids "[w]hen the grids do not completely describe the claimant's abilities and limitations"). Since the RFC fell between the categories of light and sedentary, the ALJ correctly decided to consult a vocational expert ("VE") for expert testimony. AR 25; see, e.g., Thomas, 278 F.3d at 960 (holding that "a vocational expert must be consulted" when an RFC falls between two categories).

The ALJ properly relied on the VE's testimony because "[t]he hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible" — including Avilez's additional stand or walk limitation. Bayliss v.

Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Moreover, the VE based his uncontradicted opinion on twenty years of experience, knowledge of characteristics, and requirements of jobs in the local area, and review of the evidence. See AR 94–100; see also AR 94 (Avilez's stipulation to the VE's qualifications as an "impartial vocational expert"); see generally AR 208–11 (VE's curriculum vitae). Avilez failed to rebut the VE's testimony and offer evidence to support her assertion that the jobs found to be available to her (cashier II and information clerk) should be classified as sedentary. And to the extent the VE's testimony differed from the Dictionary of Occupational Titles, the ALJ correctly relied on the expert testimony because the VE provided "persuasive evidence to support the deviation." Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).

**AFFIRMED**.